UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00005 SRC |
| | ) | |
| BILL STANGE, | ) | |
| | ) | |
| Defendant. | ) | |

### **Memorandum and Order**

Before the Court is self-represented Petitioner Stanley Johnson's application for writ of habeas corpus, as well as his motion to proceed *in forma pauperis* in this matter. Docs. 1, 2. Stanley Johnson (Missouri inmate no. 532402) is currently incarcerated at the Southeast Correctional Center ("SECC") in Charleston, Missouri. As discussed below, the Court has reviewed Johnson's filings and believes that this case, although styled as a habeas-corpus action, is best interpreted as a civil-rights case brought under 42 U.S.C. § 1983. This is not the first time Johnson has initiated a civil-rights action in this Court on forms intended for a habeas-corpus action. *See Johnson v. Lewis*, No. 1:19-cv-234-JMB (E.D. Mo.) (filed Dec. 23, 2019); *see also Johnson v. Reed*, No. 1:20-cv-122-JAR (E.D. Mo.) (filed June 4, 2020) (initiated action with handwritten letter and subsequent request that the filing be interpreted as a § 2254 habeas action). To correct this pleading deficiency, the Court orders Johnson to file an amended complaint on the Court-provided Prisoner Civil Rights Complaint form. Also, the Court orders Johnson to submit a certified prison account statement for consideration with his motion to proceed *in forma pauperis*.

### The Petition

On January 9, 2023, Johnson filed a court form "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," citing a 2009 state-court conviction for first-degree murder. Doc. 1 at p. 1. Johnson's response to most of the questions on the form is "N/A;" however, he does complain about being denied access to the courts, legal materials, stamps, and typing paper at SECC. *Id.* at pp. 4–12.

### Motion to Proceed *In Forma Pauperis*

At the same time as his petition filing, Johnson submitted a form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases." Doc. 2. On that form, Johnson states that he is not employed and that he has had no income in the last 12 months. Under Local Rule 2.05(A), the Court may require the submission of additional information when a plaintiff seeks *in forma pauperis* status from the Court. For example, the Court's form "Application to Proceed without Prepayment of Fees or Costs"—which is usually submitted by prisoner plaintiffs filing civil-rights complaints under 42 U.S.C. § 1983—states that if a plaintiff is incarcerated and he has a prison account at the institution at which he is being held, he is required to submit a certified prison account statement with his motion to proceed *in forma pauperis*. The Court needs this prison account statement to calculate the amount of a plaintiff's initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court warns Johnson that the Court's filing fee for a civil action brought under 42 U.S.C. § 1983 is significantly higher than the five-dollar filing fee for a habeas action.[1]

---

[1] The fee for bringing a civil action in this Court is $402, which includes a statutory filing fee of $350 and an administrative fee of $52. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350"); 28 U.S.C. § 1914(b) ("The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States"). Effective December 1, 2020, the Judicial Conference added a $52.00 administrative fee to the statutory fee for filing a civil action in district court. *See* Par. 14 of the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule (issued in accordance with 28 U.S.C.

**Background**

As noted, a review of the Court's own records indicates that Stanley Johnson filed two previous petitions for writ of habeas corpus under 28 U.S.C. § 2254 with this Court. *See Johnson v. Wallace*, No. 4:13-cv-1994-JMB (E.D. Mo.) (filed Oct. 3, 2013); *Johnson v. Stange*, No. 1:20-cv-158-DDN (E.D. Mo.) (filed July 24, 2020). Johnson's 2013 petition challenged his 2009 Missouri state-court conviction for first-degree murder and forcible rape. The petition was dismissed as untimely in February 2016, and Johnson did not file an appeal. His 2020 petition challenged the same state-court conviction and was dismissed as successive in July 2020.

**Discussion**

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by a plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely a habeas-corpus action under § 2254.

---

§ 1914) (effective Dec. 1, 2020). The Judicial Conference expressly provided, however, that the additional $52.00 "fee does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

In this case, Johnson does not state what relief he seeks in filing this matter. However, he is clearly challenging the circumstances or conditions of confinement at SECC when he states that he is being denied access to the courts and legal materials. He does not challenge the validity or duration of his confinement. Accordingly, Johnson must bring this matter as a civil-rights action.

The Court orders Johnson to amend his complaint on a court-provided Prisoner Civil Rights Complaint Form and, assuming he maintains an account at SECC, produce a certified prisoner account statement. After Johnson complies with this order, he will be assessed an initial partial filing fee based on his ability to pay a portion of the filing fee, and the Court will review his case under 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim.

Johnson shall have **30 days** from the date of this Order to file his amended complaint. The Court notes that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims he wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. If Johnson fails to file his amended complaint within 30 days, the Court will dismiss this action without prejudice and without further notice.

Accordingly, the Court directs the Clerk of Court to mail to petitioner a copy of the Court's "Prisoner Civil Rights Complaint" form.

The Court further orders petitioner to file an amended complaint on the Court-provided form within **30 days** of the date of this Order.

4

The Court finally orders that, if petitioner maintains a prison account at SECC, he must file a certified copy of his prison-account statement for the six-month period immediately preceding the filing of the complaint, within **30 days** of the date of this Order.

If petitioner fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 30th day of March, 2023.

*/s/ SLR.CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE